UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELLONEY WILLIAMS,

       Plaintiff,                        CIVIL ACTION NO. 05 CV 40250 FL

   v.                                    DISTRICT JUDGE PAUL V. GADOLA

JO ANNE B. BARNHART,               MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER
OF SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

     This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated below, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

**II. Background**

     On November 19, 1999, plaintiff applied for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging that she was disabled due to lower back problems related to a disc herniation, high blood pressure, and sinusitis, with an onset date of September 17, 1997. (Tr. 88-90, 103) The Social Security Administration (SSA) denied plaintiff's claims on March 22, 2000. (Tr. 28) Plaintiff then requested a hearing before an

administrative law judge (ALJ).  (Tr. 27)  The hearing was held on November 9, 2000, before ALJ Ethel M. Revels.  (Tr. 407-447)

On January 26, 2001, the ALJ issued a decision denying plaintiff's claim.  (Tr. 29-39) Plaintiff then filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 11-12)  On July 17, 2001, the Council granted the request, vacated the ALJ's decision, and remanded the matter for further proceedings.  (Tr. 72-74)

ALJ Revels held a second hearing on September 16, 2003.[1]  (Tr. 380-406)  On December 23, 2004, the ALJ issued a decision denying plaintiff's claims.  (Tr. 13-26)  The ALJ determined that plaintiff had a back impairment, high blood pressure, and diabetes mellitus, and that her impairments were "severe" within the meaning of 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii), but that she did not have an impairment that met or equaled any of the impairments listed in Appendix 1, Subpart P of the Social Security regulations.  (Tr. 20)  The ALJ further determined that plaintiff had the residual functional capacity (RFC) to perform sedentary work and that there were a significant number of sedentary jobs in the regional economy that plaintiff was capable of performing.[2]  (Tr. 20)  Accordingly, the ALJ found that

---

[1]Plaintiff filed new applications for DIB and SSI while the matter was pending before the Appeals Council.  Following the initial denial of the applications, plaintiff filed a request for a hearing.  While it is not altogether clear from the record, it appears that these applications were consolidated with the prior applications and considered at the hearing on remand.

[2]"Sedentary" work is defined in 20 C.F.R. §§ 404.1567(a), 416.967(a) as follows:
> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and

plaintiff was not "disabled" within the meaning of the Social Security Act. (Tr. 20-21)  The Appeals Council denied plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner. (Tr. 7-9)

On August 8, 2005, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  As noted above, the matter comes before the court on the parties' cross-motions for summary judgment.  Plaintiff contends in her motion that the ALJ failed to follow the remand order of the Appeals Council and that there was an inordinate delay in the ALJ's issuance of a decision following the remand.  Plaintiff further contends that these errors, coupled with the fact that she has, quoting from her brief, "established a *prima facie* case of entitlement" to benefits, warrant a reversal of the Commissioner's final decision and a remand for an immediate award of benefits.  The Commissioner denies that any such errors were made and asks that the decision denying plaintiff's claim for benefits be affirmed.

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

---

standing is often necessary in carrying our job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  See also 42 U.S.C. § 423(d)(1)(A).  Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).  See also 42 U.S.C. § 423(d)(2)(A).  The claimant bears of the burden of proving that he is disabled.  Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate both DIB and SSI claims.  20 C.F.R. §§ 404.1520, 416.920.  In Foster, Id. at 354 (citations omitted), the Sixth Circuit discussed the process:

> The claimant must first show that she is not engaged in substantial gainful activity.  Next the claimant must demonstrate that she has a "severe impairment."  A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment."  If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past.  Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.  The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

**B.  Standard of Review**

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ."  Key, 109 F.3d at 273.

## IV.  Analysis

### A.  Compliance With Remand Order

As noted above, the Appeals Council vacated the ALJ's first decision denying plaintiff's claim and remanded the matter for further proceedings, with various instructions. (Tr. 72-74) Among the instructions was a directive that the ALJ "[o]btain evidence from a medical expert, an orthopedist, to clarify the nature and severity of the claimant's impairments (20 CFR 404.1527(f) and 416.927(f) and Social Security Ruling 96-6p)." (Tr. 73) Plaintiff argues that the ALJ failed to follow this directive.

The Commissioner argues that an ALJ's failure to follow a directive contained in an Appeals Council remand order is not subject to judicial review in a proceeding brought under 42 U.S.C. § 405(g). While the cases cited by the Commissioner in support of this argument are wholly inapposite to the issue at hand, the argument does have some logical appeal.[3] Judicial review in a Social Security disability proceeding is limited to a determination of "whether the [Commissioner's] findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion." Brainard, supra, 889 F.2d at 681. Given this limited scope of review, it could well be argued that if an ALJ's decision is supported by substantial evidence and the ALJ otherwise applied the proper legal standings in reaching her decision, a reviewing court lacks the authority to reverse the decision based upon a procedural error such as a failure to follow the dictates of a remand order issued by the Appeals' Council.

However, this court finds that such a failure by an ALJ does fall within the scope of judicial review. The Social Security regulations provide that when a case is remanded to an ALJ by the Appeals Council, "[the ALJ] *shall* take any action that is ordered by the Appeals Council

---

[3]In support of her argument, the Commissioner cited, for example, Duda v. Secretary of Health and Human Services, 834 F.2d 554, 555 (6th Cir. 1987), in which the Sixth Circuit determined that an Appeals Council order of remand was not a final, appealable order and thus dismissed a claimant's appeal of such an order. The issue there was solely jurisdictional in nature. The Circuit Court did not address the specific issue before the court here, i.e., whether an ALJ's alleged failure to follow the dictates of a remand order issued by the Appeals Council may be grounds for reversal by the district court of the Commissioner's final decision denying benefits. That question is distinct from the jurisdictional question of whether an Appeals Council order is a final, appealable order.

and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.977(b), 416.1477(b)(emphasis added). Thus, by the plain language of the regulations, an ALJ has a mandatory duty to follow the commands of the Appeals Council. See, e.g., Sierra Club v. Leavitt, 355 F.Supp.2d 544, 549 (D.D.C. 2005)(use of term "shall" in regulation indicates that duty imposed thereby is mandatory). As the Sixth Circuit noted in Wilson v. Commissioner, 378 F.3d 541, 545 (6th Cir. 2004), "[i]t is an elemental principle of administrative law that agencies are bound to follow their own regulations." This statement necessarily implies that courts are empowered to review agency actions taken in violation of agency regulations. See Wilson, 378 F.3d at 546 ("The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to 'set aside agency action...found to be...without observance of procedure required by law.'" (citing Administrative Procedure Act, 5 U.S.C. § 706(2)(D)).

When faced with an allegation that an agency has failed to abide by its own regulations in adjudicating a party's claim, the question is not one of reviewability, but, rather, what level of scrutiny should be applied to the agency's action. If the procedural rule in question has been promulgated solely to facilitate the orderly transaction of agency business, the agency may, in its discretion, discretion, relax or modify the rule, and such action by an agency "is not reviewable except upon a showing of substantial prejudice to the complaining party." Am. Farm Lines v. Black Ball Freight Serv., 397 U.S. 532, 539, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970); see also Wilson, 378 F.3d at 547. However, where a procedural regulation "is intended to protect the interests of a party before the agency ... 'that procedure must be scrupulously observed.'"

Wilson, 378 F.3d at 545 (quoting Sameena, Inc. v. United States Air Force, 147 F.3d 1148, 1153 (9th Cir. 1988))(internal citations omitted).  Wilson, supra, 378 F.3d 541, involved an example of the latter type of regulation.

In Wilson, the Circuit Court vacated a district court judgment affirming a final decision of the Commissioner denying a claimant's application for Social Security disability benefits.  The Court determined that the ALJ's summary dismissal of a treating physician's opinion violated 20 C.F.R. § 404.1527(d)(2), which requires that an ALJ "give good reasons" for the weight given to the opinion of a treating source.  Further, the Court concluded that 20 C.F.R. § 1527(d)(2) was "intended to protect the interests" of Social Security claimants.  The Court thus applied a heightened level of scrutiny to the ALJ's actions, concluding that the ALJ's failure to follow § 1527(d)(2) constituted reversible error even though there was substantial evidence in the record to support the ALJ's rejection of the treating source's opinion:

> A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely.  "[A] procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway." *Mazaleski v. Treusdell*, 562 F.2d 701, 709 n. 41; *see also Ingalls Shipbuilding*, *Inc. v. Dir*., *Office of Workers' Comp. Programs*, 102 F.3d 1385, 1390 (5th Cir. 1996).  To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory.  The general administrative rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to "set aside agency action...found to be...without observance of procedure

>required by law." Administrative Procedure Act, 5 U.S.C. § 706(2)(D) (2001).

Wilson, 378 F.3d at 546.

Though there is no authority on the subject, it appears to this court that 20 C.F.R. §§ 404.977(b), 416.1477(b), are, likewise, regulations that are "intended to protect the interests of a party before the agency," at least insofar as they require an ALJ to follow the dictates of a remand order issued by the Appeals Council. The provision serves to ensure that ALJs will take the actions necessary to correct errors identified by the Appeals Council such that claimants will be afforded a full and fair hearing on their requests for disability benefits. Accordingly, the court concludes that an ALJ's failure to follow an Appeals Council remand order falls within the scope of judicial review under 42 U.S.C. § 405(g) and that such error may be grounds for reversal. The court has not unearthed any case where this issue has been directly addressed, but notes that other courts have remanded Social Security cases based upon an ALJ's failure to follow the requirements of an Appeals Council remand order. See Hutchinson v. Apfel, 2001 WL 336986 (N.D.Tex. 2001); Mann v. Chater, 1997 WL 1461499 (S.D.N.Y. 1997); but see Kastman v. Barnhart, 2002 WL 1461499 (N.D.Ill. 2002)(court questioned whether ALJ's failure to follow Appeal Council remand order was reviewable, but nonetheless went on to consider issue on merits). However, for the reasons stated below, the court further concludes that reversal of the ALJ's decision is not warranted in this matter.

Though the Court in Wilson concluded that 20 C.F.R. § 404.1527(d)(2) conferred important procedural protections upon individual claimants and that ALJs were thus required to

scrupulously apply the rule set forth therein, the Court also suggested that a *de minimis* violation of the regulation could constitute harmless error. Wilson, supra, 378 F.3d at 547. The Sixth Circuit has, in subsequent cases, taken the Wilson court's cue and applied harmless error analysis to claims that an ALJ failed to comply with the requirements of § 404.1527(d)(2). See Daniels v. Commissioner of Social Security, 2005 WL 2739084 (6th Cir.(Ky.) Oct. 24, 2005); Sharp v. Barnhart, 2005 WL 2811812 (6th Cir. (Tenn.) Oct. 26, 2005). Based upon these authorities, the court concludes that harmless error analysis likewise applies to a violation of 20 C.F.R. §§ 404.977(b), 416.1477(b).

As noted above, the Appeals Council directed the ALJ to "[o]btain evidence from a medical expert, an orthopedist, to clarify the nature and severity of the claimant's impairments[.]" (Tr. 73) The ALJ did not order a consultative exam, take testimony from an expert in orthopedic medicine, or otherwise affirmatively obtain additional evidence from an orthopedic expert, as directed by the Appeals Council. Thus, the court is inclined to agree with plaintiff's contention that the ALJ did not comply with the Appeals Council's order. In any event, the Commissioner does not contend that she did and has thus waived any argument to the contrary. See, e.g., Asia Strategic Investment Alliances, Inc. v. General Electric Capital Services, Inc., 166 F.3d 346 (Table), 1998 WL 811606 at ** 4 (10th Cir.(Kan.))("Failure to raise an issue on summary judgment constitutes waiver of that issue"). Nonetheless, the ALJ did receive and consider additional evidence regarding the nature and severity of plaintiff's back impairment and the functional effects of that impairment, including: (1) a Physical Residual Functional Capacity Assessment form, dated August 21, 2001, prepared by an unknown physician (Tr. 337-44), (2)

reports dated September 21, 2001, September 28, 2001, March 8, 2002 regarding plaintiff's back impairment prepared by Detroit Medical Center Orthopedic Center physicians (Tr. 347, 359-60, 364-65), (3) a November 21, 2002 report regarding plaintiff's back condition provided by Dr. Jeffrey A. Brown, who is, according to the letterhead on which the report is written, a specialist in pain and pediatric neurosurgery (Tr. 369), (4) medical records from care plaintiff received though the Henry Ford Health System, which contain some information regarding plaintiff's back condition (Tr. 356-57, 362). Thus, the ALJ "obtained" additional evidence regarding plaintiff's back impairment, albeit not in the manner that was likely intended by the Appeals Council. By receiving and considering this evidence, the ALJ substantially complied with the Appeals Council's directive. Further, the Appeals Council denied plaintiff's request for review of the ALJ's second decision. The Appeals Council presumably concluded that the ALJ either complied or substantially complied with the remand order. As the First Circuit stated in Montero v. Secretary of Health and Human Services, 959 F.2d 230 (Table), 1992 WL 63331 (1st Cir.(Puerto Rico)):

> Lastly, the claimant's complaints about the ALJ's alleged failure to comply with the Appeals Council's remand order are particularly unpersuasive in light of the fact that the Appeals Council denied the claimant's request for review of the new decision. Obviously, the Appeals Council, itself, found the new decision in compliance with its earlier remand order.

In addition to the above, plaintiff has not argued, must less shown, that she suffered prejudice as a result of the ALJ's failure to fully comply with the remand order, and none is apparent in the record.

For the reasons stated above, the court concludes that to the extent the ALJ failed to fully comply with the remand order issued by the Appeals Council, the error was harmless.

**B.  Undue Delay**

Plaintiff's second argument is dependent upon her first – she contends that the ALJ's decision should be set aside due to ALJ's failure to follow the Appeals Council's remand order and that it would be unjust to remand the matter for further proceedings in light of the ALJ's undue delay in rendering a decision on remand.  Rather, plaintiff argues, the matter should be remanded for an immediate award of benefits.  Plaintiff's argument is plainly lacking in merit.

As discussed above, any error by the ALJ in failing to comply with the remand order was harmless and is thus no basis for vacating the ALJ's decision.  Further, plaintiff has not argued that the ALJ's decision is not supported by substantial evidence and has thus waived any argument to that effect.  See, e.g., Febres Morales v. Challenger Caribbean Corp., 8 F.Supp.2d 126, 131 n.10 (D.Puerto Rico 1998)("A claim that is raised in the complaint but ignored at the summary judgment stage is deemed waived); see also, e.g., Asia Strategic Investments Alliances, Inc., supra, 1998 WL 811606 at **4.[4]  Thus, there is no basis for vacating the ALJ's decision.

---

[4]Notwithstanding plaintiff's waiver of any argument that the ALJ's decision is not supported by substantial evidence, the court has reviewed the record and is satisfied that the ALJ's decision is supported by substantial evidence.  The ALJ included significant lifting, postural, and sit/stand restrictions in her assessment of plaintiff's residual functional capacity and in the hypothetical she posed to the vocational expert (VE) at the second administrative hearing.  In response to the hypothetical, the VE testified that a person with such restrictions was capable of performing assembly, packaging, and inspection work, and that there were between 9,000 and 10,000 such jobs in the regional economy.  (Tr. 400-01)  Where an ALJ poses a hypothetical question to a VE that fully and accurately incorporates a claimant's physical and mental limitations, and the VE testifies that a person with such limitations is capable of performing a

Therefore, the court need not reach the question of whether the matter should be remanded for further proceedings or for an immediate award of benefit.

**IV. Conclusion**

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

---

significant number of jobs in the national economy, such testimony is sufficient to support a finding that the claimant is not disabled. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987). The hypothetical posed by the ALJ appears to accurately reflect plaintiff's impairments. Accordingly, the testimony of the VE supports the ALJ's determination that plaintiff is not disabled.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                  s/Virginia M. Morgan
                                  VIRGINIA M. MORGAN
Dated: January 6, 2006           UNITED STATES MAGISTRATE JUDGE

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record and the Social Security Administration via the Court's ECF System and/or U. S. Mail on January 6, 2006.

                                s/Jennifer Hernandez
                                Case Manager to
                                Magistrate Judge Virginia M. Morgan